J-S11027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                          :           PENNSYLVANIA
                                          :

              v.                              : 
                                          :
                                          :

MICHAEL J. BRNCIK                 : 
                                          :

            Appellant             :     No. 1335 WDA 2021

Appeal from the Judgment of Sentence Entered September 24, 2021
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000545-2020

BEFORE: PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY OLSON, J.:               **FILED: APRIL 20. 2022**

Appellant, Michael J. Brncik, appeals from the judgment of sentence entered on September 24, 2021, following his guilty plea convictions for two counts of theft by unlawful taking, 18 Pa.C.S.A. § 3921(a). On this direct appeal, Appellant's court-appointed counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. We, therefore, grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

The trial court briefly summarized the facts and procedural history of this case as follows:

As a result of an investigation by the Pennsylvania State Police commencing on November 25, 2019, [Appellant] was charged on October 28, 2020 with [the aforementioned crimes, as well as, another count of theft by unlawful taking and one count of] persons not to possess a firearm, a second[-]degree felony[, 18 Pa.C.S.A. § 6105(a)(1)]. It was alleged that [Appellant] stole numerous items, including firearms, that belonged to individuals who permitted [Appellant] to reside with them for a period of time. The police interviewed individuals who had purchased some of the stolen items from [Appellant]. On July 8, 2021, [Appellant] pled guilty to [two offenses involving] the theft of [] firearms and [] other items of personal property. The plea was accepted as an "open plea" with no agreement with respect to sentence.

On September 24, 2021, [Appellant] was sentenced to an aggregate [penalty] of sixty (60) months to one-hundred twenty (120) months with credit for time served of nine days. Pursuant to the plea agreement, the [trial] court entered an order on September 27, 2021, that [] *nolle* [*prossed*] the other two charges. On October 1, 2021, [Appellant] filed a timely motion for reconsideration of sentence asserting that the [trial] court abused its discretion by sentencing [Appellant] to an extensive period of incarceration and specifically asserted that the [trial] court should have imposed concurrent sentences and not consecutive sentences. Following argument on the motion on October 22, 2021, the [trial] court entered an order denying the motion.

Trial Court Opinion, 11/22/2021, at 1-2 (superfluous capitalization omitted; footnotes omitted or incorporated). This timely appeal resulted.[1]

Before reviewing the merits of this appeal, this Court must first determine whether appointed counsel has fulfilled the necessary procedural

---

[1] Appellant filed a notice of appeal on November 5, 2021. On November 5, 2021, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 22, 2021.

requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361; *see also Commonwealth v. Smith*, 700 A.2d 1301, 1304 (Pa. Super. 1997) ("[C]ounsel seeking to withdraw under *Anders* is required to flag any issues that the defendant wishes to raise, as well as any other claims necessary to the effective appellate presentation of those issues."). Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the

proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5; ***see also Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the ***Anders*** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

Here, counsel complied with all of the above procedural obligations.[2] Furthermore, neither the Commonwealth nor Appellant has responded to the petition to withdraw or ***Anders***' brief. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. In his ***Anders***' brief, counsel flags the following issue Appellant wishes to raise:

1. [Whether] the trial court erred and abused its discretion by imposing consecutive sentences resulting in an aggregate sentence that was unduly harsh[?]

---

[2] We note that counsel attached the notification of rights letter to the ***Anders***' brief instead of the petition to withdraw as counsel. However, upon review of the record, counsel forwarded all necessary information to Appellant.

***Anders***' Brief at 9.

We have previously determined:

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (internal citations and quotations omitted).

Here, Appellant has satisfied the first two requirements of the above cited test. Appellant filed a timely notice of appeal. Within his post-sentence motion, he preserved a general claim that his sentence was excessive because the trial court sentenced him consecutively. Counsel for Appellant, however, failed to include a separate statement pursuant to Pa.R.A.P. 2119(f) in the ***Anders*** brief. This Court has previously determined that "[w]here counsel files an ***Anders*** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement" and we "do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether [issues are] frivolous." ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015) (citation omitted). Moreover, the Commonwealth did not object

- 5 -

to the omission of the Rule 2119(f) statement. *See Commonwealth v. Brougher*, 978 A.2d 373, 375 (Pa. Super. 2009) (Even though defendant failed to include a Rule 2119(f) statement with respect to the discretionary aspects of a sentence in his brief, defendant's claims were not waived since the Commonwealth failed to object to the statement's absence). We, therefore, proceed to determine whether Appellant raised a substantial question.

We have explained:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A.2d at 170 (internal citations and quotations omitted). "[T]his Court does not accept bald assertions of sentencing errors. An appellant must articulate the reasons the sentencing court's actions violated the sentencing code." *Id.* (internal citations omitted). "Under 42 Pa.C.S.A. § 9721, the court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question." *Id.* at 171; *see also Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) (this Court has consistently recognized that excessiveness claims premised on the imposition of consecutive sentences do not raise a substantial question for our review). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial

question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Moury***, 992 A.2d at 171-72; ***compare Commonwealth v. Dodge***, 957 A.2d 1198 (Pa. Super. 2008) (Dodge was sentenced to an aggregate term of 58 ½ to 124 years' imprisonment after he was convicted of numerous, largely property offenses and we viewed his challenge to the sentencing court's exercise of discretion as raising a substantial question). However, we further recognized that the substantial question raised in ***Dodge*** was "an extreme case" and, thus, the preliminary substantial question inquiry focuses on "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." ***Commonwealth v. Mastromarino***, 2 A.3d 581, 588 (Pa. Super. 2010).

Here, Appellant does not claim that the individual sentences imposed for his convictions were excessive or in violation of the sentencing code. Instead, he baldly argues that his aggregate sentence is excessive and is premised solely on the imposition of consecutive sentences. Appellant was convicted of two distinct crimes. The trial court, in the absence of an agreement on sentencing, imposed sentences in the standard range of the sentencing guidelines on both criminal counts and imposed them consecutively, resulting in an aggregate punishment of five to 10 years' incarceration. We conclude that the consecutive nature of the sentences does not raise Appellant's aggregate sentence to, what appears upon its face to be,

an excessive level or unduly harsh in light of the criminal conduct at issue in the case and, therefore, we find **Dodge** inapplicable. Appellant's challenge does not raise a substantial question for our review.[3]

Regardless, upon review of the record, we find Appellant's discretionary sentence challenge unavailing. "[S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment." **Commonwealth v. Brown**, 249 A.3d 1206, 1211 (Pa. Super. 2021). Furthermore:

> Long standing precedent recognizes that the Sentencing Code affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences[] imposed at the same time or to sentences already imposed. We will not disturb consecutive sentences unless the aggregate sentence is grossly disparate to the defendant's conduct, or viscerally appears as patently unreasonable. Moreover, it is well-settled that when the trial court has the benefit of a presentence investigation ("PSI") report, it is presumed that the court was both aware of and appropriately weighed all relevant information contained therein.

**Id.** at 1212 (internal citations, quotations, brackets, and ellipses omitted).

Here, before imposing Appellant's sentence, the trial court considered the sentencing guidelines, the criminal complaint and affidavit of probable cause, victim impact evidence, a presentence investigation report, and a letter from Appellant. **See** N.T., 9/24/2021, at 6-9. We presume that the trial court

---

[3] The trial court also found that Appellant failed to raise a substantial question for appellate review. Trial Court Opinion, 11/22/2021, at 5.

was aware of and appropriately weighed all of the relevant evidence before imposing sentence. In addition, the trial court specifically considered that Appellant was "a repeat felon with 14 prior convictions for theft-related offenses[] from the time [Appellant was] 16 [years of age] until the time [he was] 46 [years old]." *Id.* at 9. As such, the trial court considered Appellant's prior record and demonstrable resilience to rehabilitation before imposing sentence. Furthermore, as discussed above, the aggregate sentence is not grossly disproportionate to Appellant's criminal conduct. Finally, Appellant was not entitled to a "volume discount" for his two offenses. *See Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011) (citation omitted). For all of the foregoing reasons, we conclude that the trial court did not abuse its discretion in sentencing Appellant. Accordingly, we conclude that Appellant fails to raise a substantial question, but that his discretionary aspect of sentencing claim is otherwise without merit.

Finally, after independent review of the certified record, we discern no additional, non-frivolous issues overlooked by counsel. *See Commonwealth v. Schmidt*, 165 A.3d 1002, 1006 (Pa. Super. 2017) ("After determining that counsel has satisfied the[] technical requirements of *Anders* and *Santiago*, this Court must then conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel.") (citation and internal quotations omitted). Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/20/2022